UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JAMES BARNES,<br>    Plaintiff,<br><br>vs.<br><br>WALMART INC.,<br>    Defendant. | )<br>)<br>)<br>)  No. Case No. 22-cv-01286<br>)<br>)<br>)<br>)<br>) |

### DEFENDANT, WALMART INC.'S MOTION TO DISMISS PURSUANT TO FRCP RULE 12(b)(5) AND ILLINOIS SUPREME COURT RULE 103(b)

NOW COMES Defendant, WALMART INC., by and through its attorney, Lucas Sun, and moves this Court to dismiss Plaintiff's Amended Complaint at Law with prejudice, pursuant to FRCP Rule 12(b)(5) Illinois Supreme Court Rule 103(b)[1]. In support of this motion, the Defendant states as follows:

### INTRODUCTION

This matter arises from Plaintiff's one-count complaint for civil battery involving a security officer. (Exhibit A, Plaintiff's Amended Complaint). The underlying occurrence allegedly happened on March 15, 2020. Plaintiff filed suit against Walmart on March 10, 2022 (Document #1) and filed an Amended Complaint on May 3, 2022 (Document #9). However, Plaintiff did not serve Defendant until over a year later from the date of initial filing and ten-months from the time of the filing of the Amended Complaint (on March 21, 2023). (Exhibit B, Proof of Service). Given the year long delay in service, especially considering the expiration of the 2-year statute of limitations period, Plaintiff's

---

[1] While sitting in diversity, a Federal Court applies State service of process rules. See *Hinkle v. Henderson*, 135 F.3d 521, 522 (7th Cir. 1998).

Complaint must be dismissed with prejudice as such a delay violates Illinois Supreme Court Rule 103(b).

## STANDARD OF REVIEW

Under FRCP Rule 12(b)(5), a defendant may move to dismiss a complaint based on insufficient service of process. The 7th Circuit has held that while sitting in diversity, a federal court applies state service of process rules if they are an integral part of the state statute of limitations or repose. *Hinkle v. Henderson*, 135 F.3d 521, 522 (7th Cir. 1998) citing *Walker v. Armco Steel Corp.,* 446 U.S. 740, 751 (1980).

Here, the applicable Illinois rule concerning service of process is contained in Illinois Supreme Court Rule 103(b) which maintains in relevant part:

> If the plaintiff fails to exercise reasonable diligence to obtain service on a defendant prior to the expiration of the applicable status of limitations, the action as to that defendant may be dismissed without prejudice. **If…after the expiration of the applicable status of limitations, the dismissal shall be with prejudice as to that defendant.**

The purpose of Rule 103(b) is to protect defendants from unnecessary delay and to prevent the circumvention of the statute of limitations. *Lewis v. Dillon et. al.*, 352 Ill. App. 3d 512, 517 (1st Dist. 2004). The Court in *Billerbeck v. Caterpillar Tractor Co.*, 292 Ill. App. 3d 350, 352 (4th Dist. 1997) explained the importance of the rule, stating:

> Nothing is more critical to the judicial function that the administration of justice without delay. Central to discharging this function, the judiciary must be unimpeded in considering and rendering judgments on matters before it. Rule 103(b) was adopted by this court to effectuate its historical and constitutional mandate to render justice fairly and promptly. Due diligence in serving process is essential to this purpose, for it is the sole legally sufficient means of alerting defendants to the pendency of a civil suit. In additional, service with due diligence, by promptly placing defendant on notice of a pending action shortens the time needed to investigate, prepare and litigate the issues raised, thereby allowing the court to proceed expeditiously to a just resolution of the matter before it. *Id*.

A defendant seeking a dismissal under Rule 103(b) must initially make a *prima facie* showing that the plaintiff failed to exercise reasonable diligence in obtaining service after filing suit. *Kole v. Brubaker*, 325 Ill. App. 3d 944, 949 (1st Dist. 2001). Once a *prima facie* showing has been made, the burden then shifts to the plaintiff to demonstrate reasonable diligence. *Id*. Failure to exercise reasonable diligence to obtain service on a defendant within the applicable statute of limitations violations Supreme Court Rule 103(b).

## ARGUMENT

Plaintiff's Amended Complaint should be dismissed with prejudice as Plaintiff did not effectuate service on Defendant until one-year after the filing of his initial Complaint, and over 10-months from the time he filed his Amended Complaint. Notably, at the time of service, <u>the statute of limitations for his claim had already expired for over one full year</u>. Such delays in serving Walmart constitute *prima facie* evidence that the Plaintiff failed to exercise reasonable diligence and timely execute service and Illinois Courts have routinely dismissed such Complaint with prejudice.

To exemplify how Courts have treated delays in service, Defendant provides a non-exhaustive list of Illinois Court examples concerning the application of Rule 103(b) which show that even much shorter periods of time all resulted in <u>dismissals with prejudice</u>:

(1) *Emrikson v. Morfin*, 977 N.E.2d 1165, 1167 (1st Dist. 2012) (a **seven-month delay** in service is a failure to timely serve a party);

(2) *Long v. Elborno*, 376 Ill. App. 3d 970, 980 (1st Dist. 2007) (Plaintiff lacked reasonable diligence after **seven months** passed between filing and service of the complaint);

(3) *Kreykes Electric, Inc. v. Malk and Harris*, 297 Ill. App. 3d 936 (1st Dist. 1998) (upholding dismissal for lack of diligence as plaintiff made virtually no attempt to serve defendants for nearly **five months** after the expiration of the statute of limitations).

Courts in the Seventh Circuit have further affirmed the application of Rule 103(b). For example, in *Hinkle v. Henderson*, 956 F. Supp. 1430, 1441 (C.D. Ill. 1997), <u>aff'd,</u> 135 F.3d 521

(7th Cir. 1998), the Court relied on the following points of reference regarding the timeliness of service:

(1) *Womick v. Jackson County Nursing Home, 137 Ill.2d 371 (1990)* (**nine-month delay** in service required dismissal with prejudice);

(2) *Sinn v. Elmhurst Medical Building, 243 Ill.App.3d 787, (2d Dist. 1993)* (**eight-month delay** between time of filing of the complaint and first attempt at service);

(3) *Paglis v. Black,* 178 Ill.App.3d 1062, 128 Ill.Dec. 186, 187, 188, 534 N.E.2d 206, 207–08 (3d Dist.) (**five-and-a-half-month** delay in service required dismissal with prejudice), *appeal denied,* 126 Ill.2d 561, 133 Ill.Dec. 670, 541 N.E.2d 1108 (1989);

(4) *Penrod v. Sears, Roebuck & Co., 150 Ill.App.3d 125 (4th Dist. 1986)* (**seven-month delay** in service required dismissal with prejudice);

(5) *Luebbing v. Copley Memorial Hospital,* 60 Ill.App.3d 780 (2d Dist. 1978) (**ten-month delay** in service resulted in dismissal with prejudice).

The Illinois Northern District has also recently addressed and dismissed claims in violation of Rule 103(b):

(1) *Montgomery v. Village of Phoenix, Illinois*, 2022 WL 865820 (N. D. Ill. Mar. 23, 2022) (dismissing claims with prejudice after **eight month delay** in service),

(2) *Tidwell v. Exxon Mobil Corporation*, 2022 WL 345082 (N.D. Ill. Feb 4, 2022) (**five-month delay** in service "evidences a lack of reasonable diligence.").

Here, Plaintiff's claim for personal injury arising from battery is subject to a 2-year statute of limitations period under Illinois law. See 735 ILCS 5/13-202. Since the date of the underlying occurrence was March 15, 2020, the statute of limitations expired on March 15, 2022. As such, Plaintiff filed his Complaint against Walmart five days before the expiration of the statute of limitations, yet did not effectuate service until over a year later on March 21, 2023. Since service was delayed at least ten-months and effectuated <u>after</u> the statute of limitations, Rule 103(b) requires dismissal with prejudice.

In addition, there is no evidence that Plaintiff made any alternative efforts to serve Defendant. In fact, the docket history in this case shows that Plaintiff made no effort to issue a summons to Defendant until December 20, 2022, nearly nine months after the time the Complaint was initially filed. Such a timeline also expressly shows a failure to exercise reasonable diligence to obtain service. This delay further prejudiced Defendant as employees who would have knowledge of the alleged accident either relocated or are no longer with the store.

Notably, Defendant Walmart is a well-known corporation whose registered agent is easily found online through the Illinois Secretary of State Corporation Search website. As such, no special circumstances appear to exist to justify Plaintiff's delay. Furthermore, in this case, Defendant was not aware of a lawsuit prior to service and given the expiration of the statute of limitations will be prejudiced in its investigation and defense of this matter. Therefore, pursuant to FRCP Rule 12(b)(5) and Illinois Supreme Court Rule 103(b), Plaintiff's Amended Complaint should be dismissed with prejudice.

WHEREFORE, Defendant, WALMART INC., respectfully requests this Honorable Court dismiss this lawsuit with prejudice pursuant to FRCP Rule 12(b)(5) and Illinois Supreme Court Rule 103(b) and for any further relief that this Court deems proper and just.

O'Hagan Meyer, LLC

By: _____
One of the Attorneys for Defendant

Lucas Sun, Esq.
**O'Hagan Meyer, LLC**
One East Wacker Drive,
Suite 3400
Chicago, Illinois 60601
Tel: (312) 422-6100
lsun@ohaganmeyer.com